Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY HUMMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACE HARDWARE CORPORATION, and DOES 1-20, inclusive,<br>Defendant(s). | Case No:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Unfair Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(2) Unlawful Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3) Fraudulent Business Acts and Practices (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(4) Misleading and Deceptive Advertising (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(5) Untrue Advertising (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(6) Violation of Nevada Deceptive Trade Practices Act, (NRS 41.600 *et seq.*)<br>(7) Violation of Nevada Unfair Trade Practice Act (NRS 598 *et seq.*) |

## INTRODUCTION

1. This is a proposed class action, brought on behalf of all those who purchased an item from Defendant that was represented as having a "NO HASSLE 60 DAY RETURN WITH RECEIPT" from four years since the filing of this complaint to the present.

2. Items that were purchased from one of Defendant's retail locations were advertised to include a sixty day return policy that was hassle free if the return included a receipt.

3. However, despite these representations, it was Defendant's policy and practice to deny returns within sixty days that included receipts.

4. Thus, each and every item sold by Defendant bears a uniformly-worded representation which makes the same false, affirmative statements of fact regarding the return policy included by Defendant.

5. Upon information and belief, Defendant has been fully aware that its items did not include features that they were advertised to include and made such false representations in order to induce purchasers to buy items from Defendant under false pretenses and take advantage of them.

6. This complaint seeks injunctive, declaratory and monetary relief for Plaintiffs and the proposed Class, as outlined in greater detail herein.

## JURISDICTION AND VENUE

7. There is federal subject matter jurisdiction over this matter under the Class Action Fairness Act in that it is a proposed class action, there are more than 100 members of the Class, at least some class members and some defendants are citizens of different states, and the amount in controversy is more than $5 million.

## THE PARTIES

8. Defendant Ace Hardware Corporation is a privately held corporation, incorporated in the State of Delaware, and with its principle place of business in Illinois.

9. Plaintiff Kimberly Hummer ("Hummer") resides in Los Angeles, California.

10. Like all members of the proposed class, Plaintiffs purchased the Class Products between four years of filing the complaint and the present.

11. Specifically, Hummer purchased Class Products from Defendant at Ace Hardware #15335, located at 8400 W. Cheyenne Rd., Las Vegas, NV 89129 on July 20, 2016.

12. Upon information and belief, Defendant Ace Hardware Corporation is distributor of Class Products.

13. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a Class ("the Class") defined as:

> **All persons who, purchased an item from Defendant that was represented as having a "NO HASSLE 60**

**DAY RETURN WITH RECEIPT" in the United States.**

16. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

17. Upon information and belief, the proposed Classes are each composed of over thousands of persons.

18. No violations alleged in this complaint are a result of any oral communications or individualized interaction of any kind between Class members and Defendants.

19. Rather, all claims in this matter arise from the identical, false, written affirmative statements on the Product label as outlined in detail herein.

20. There are common questions of law and fact affecting the rights of all Class members, including, inter alia, the following:

a. Whether Defendants' actions, as outlined herein, violated the California Business & Professions Code § 17200 et seq.;
b. Whether Defendants' actions, as outlined herein, violated the California Business & Professions Code § 17500 et seq.;
c. Whether Plaintiff Hummer and Class Members are entitled to equitable relief and/or restitution;
d. Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff Hummer and Class Members; and
e. The method of calculation and extent of damages for Plaintiff Hummer and Class Members.

21. In addition, there are common questions of law and fact affecting the rights of all Class members, including, inter alia, the following:

a. Whether Defendants' actions, as outlined herein, violated the NRS 598 *et seq*. and B&L Stat. 41.600 *et seq*.;
b. Whether the misrepresentations at issue were material to the purchase of a reasonable consumer;
c. Whether the misrepresentations at issue were an omission of material fact in connection with the sale of good or services within the meaning of Nev. Rev. Stat. 598.0923;

d. Whether the misrepresentations at issue were a false representation within the meaning of Nev.Rev. Stat. 598.0915;
e. Whether each Defendant's conduct constituted a violation of Nev. Rev.Stat. 598.0903 et seq. and B&L Stat. 41.600(1);
f. Whether Plaintiff Hummer and Class Members are entitled to equitable relief and/or restitution;
g. Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff Hummer and Class Members; and
h. The method of calculation and extent of damages for Plaintiff Hummer and Class Members.

22. Plaintiff Hummer is a member of the Class she seeks to represent.

23. The claims of Plaintiff is not only typical of all Class members, they are identical.

24. All claims of Plaintiff and the Class arise from the identical false, written statement of affirmative fact on the receipts as described herein.

25. All claims of Plaintiff and the Class are based on the same legal theories.

26. All claims of Plaintiff and the Class are based on the same legal theories.

27. Plaintiff has no interest antagonistic to, or in conflict with the Class.

28. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

29. Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

30. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

31. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, <u>inter</u> <u>alia</u>, the damages suffered

by each class member were not large and, as such, individual actions are not economically feasible.

32. Common questions will predominate, and there will be no unusual manageability issues.

## FACTUAL ALLEGATIONS

33. Defendants are in the business of distributing, marketing, and/or selling items that include a receipt which states, "NO HASSLE 60 DAY RETURN WITH RECEIPT."

34. In actuality, these items were unable to be returned within sixty dates, even though a receipt was provided.

35. Defendants, as distributors, marketers and/or sellers of these products have been aware that they did not provide the return policy that was indicated on the receipt.

36. On July 20, 2016, Hummer purchased items from Defendant's store in Nevada. While purchasing these items from Defendant, Defendant provided a receipt to Plaintiff which stated "NO HASSLE 60 RETURN WITH RECEIPT." In or around August of 2016, after moving to California and within the sixty day period, Plaintiff attempted to return the items she purchased at one of Defendant's locations in Los Angeles, California, with the receipt. However, Plaintiff was informed that she could not return the item at this location and, instead, had to go back to the location that she purchased the item from.

37. Plaintiff felt mislead by Defendants' Plaintiffs purchased the items because of these statements made by Defendants, namely that the product was capable of being returned within sixty days without hassle, and relied on the truth of these statements in making her purchasing decision.

38. Despite all of the foregoing, Defendants continue to sell these items, with the same written, false, uniformly-worded statements outlined herein, throughout the United States.

**COUNT I**

**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.**

**Unlawful Business Acts and Practices**

39. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

40. Defendants' conduct as set forth herein constitutes unlawful business acts and practices within the meaning of the California Business & Professions Code §17200, et seq.

41. Defendants' business practices, as described herein, are unlawful under section 17200, et seq. by virtue of Defendants' violations false advertising.

42. Defendants sold Plaintiff Hummer and the members of the Class the Product.

43. As a result of Defendants' illegal business practices, Plaintiff Hummer and the members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff Hummer and members of the Class any money paid for the Product.

44. Defendants' unlawful business acts present a threat and a reasonable continued likelihood of injury to Plaintiff and members of the Class.

45. As a result of Defendants' conduct, Plaintiff and members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to Plaintiff Hummer and members of the Class any monies paid for the Product.

///

///

## COUNT II

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

### Unfair Business Acts and Practices

46. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

47. Defendants' conduct as set forth herein constitutes unfair business acts and practices within the meaning of the California Business and Professions Code § 17200, et seq.

48. Defendants sold the Class Products during the relevant class period applicable to Plaintiff Hummer and the members of the Class.

49. Plaintiff Hummer and the members of the Class suffered a substantial injury by virtue of buying the Class Products which they would not have suffered absent Defendants' illegal conduct.

50. Defendants' deceptive marketing, advertising, and labeling of the Product and their sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

51. Defendants sold the product to Plaintiff Hummer and the Class.

52. Plaintiff Hummer and the members of the Class had no way of reasonably knowing that the Product was misbranded and was not properly marketed, advertised, packaged and labeled, and thus they could not have reasonably avoided the injury each of them suffered.

53. The consequences of Defendants' conduct as set forth herein outweigh any justification, motive or reason therefor. Defendants' conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff Hummer and the Class.

54. Pursuant to Business and Professions Code § 17203, and as a result of Defendants' conduct, Plaintiff Hummer and the Class are entitled to an order

enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid by Plaintiff Hummer and the members of the Class to purchase the Product from Defendants in California.

**COUNT III**

**CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.**

**Fraudulent Business Acts and Practices**

55. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

56. Defendants' conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code section 17200, et seq.

57. Defendants' conduct in mislabeling and misbranding Class Products originated from and was approved by Defendants'.

58. Defendants sold the Class Products during the relevant class period.

59. Defendants' misleading marketing, advertising, and labeling of the Product and their misrepresentations that the Class Products was salable, capable of legal possession and not misbranded were likely to deceive reasonable consumers and, in fact, Plaintiff Hummer and the members of the Class were deceived. By the acts set forth herein, Defendants have engaged in fraudulent business acts and practices.

60. Defendants' fraud and deception caused Plaintiff Hummer and members of the Class to purchase the Class Products from Defendants which they would have not otherwise purchased had they known the true nature of the Product.

61. Defendants sold Plaintiff Hummer and members of the Class the Class Products, which was not capable of being sold or held legally and which

was legally worthless. Plaintiff Hummer and members of the Class paid a premium price for the Class Products.

62. As a result of Defendants' conduct as set forth herein, Plaintiff Hummer and members of the Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for the Product by Plaintiff Hummer and members of the Class.

## COUNT IV

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 et seq.

## Misleading and Deceptive Advertising

63. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

64. Plaintiff Hummer asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for misleading and deceptive advertising against Defendants on behalf of the Class.

65. Defendants sold the Product to Plaintiff Hummer and the members of the Class.

66. By the acts alleged herein, Defendants engaged in a scheme of offering the Product for sale to Plaintiff Hummer and the members of the Class by way of, inter alia, product packaging and labeling.

67. These materials misrepresented and/or omitted the true contents and nature of Defendants' Product, as outlined in greater detail previously.

68. Defendants' labels for the Product were used come within the definition of advertising as contained in California Business and Professions Code § 17500, et seq. in that such Class Products labeling were intended as inducements to purchase the Class Products and are statements disseminated by

Defendants to Plaintiff Hummer and the Class that were intended to reach members of the Class.

69. Defendants knew, or in the exercise of reasonable care, should have known, that these statements were misleading and deceptive as set forth herein.

70. In furtherance of their plan and scheme, Defendants prepared and distributed product packaging and labeling, statements that misleadingly and deceptively represented the composition and the nature of the Class Products.

71. Plaintiff Hummer and the members of the Class necessarily and reasonably relied on Defendants' labels, and were the intended targets of such representations.

72. Indeed, as the misrepresentations at issue were contained on the label of the Product itself, the Court may presume that the members of the Class relied upon this false statement.

73. Defendants' conduct in disseminating misleading and deceptive statements in California to Plaintiff Hummer and the members of the Class was and is likely to deceive reasonable consumers by obfuscating the true composition and nature of the Class Products in violation of the "misleading prong" of California Business and Professions Code § 17500, et seq.

74. As a result of Defendants' violation of the "misleading prong" of California Business and Professions Code § 17500, et seq., Defendants have been unjustly enriched at the expense of Plaintiff Hummer and the members of the Class.

75. Pursuant to California Business and Professions Code § 17535, Plaintiff Hummer and the members of the Class are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Product in California.

///

## COUNT V

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 et seq.

### Untrue Advertising

76. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

77. Plaintiff Hummer asserts this cause of action against Defendants on behalf of the Class for violations of California Business and Professions Code § 17500, et seq., regarding untrue advertising.

78. Defendants engaged in a scheme of offering the Class Products for sale to Plaintiff Hummer and the members of the Class by way of product packaging and labeling, as outlined herein.

79. These materials misrepresented and/or omitted the true contents and nature of the Class Products.

80. With regard to sales of the Class Products during the class period relevant to the Class, Defendants' advertisements and inducements come within the definition of advertising as contained in California Business and Professions Code § 17500, et seq. in that the Class Products' labeling were intended as inducements to purchase the Class Products, and are statements disseminated by Defendant to Plaintiff Hummer and the Class.

81. Defendants knew, or in the exercise of reasonable care, should have known that these statements were untrue.

82. In furtherance of their plan and scheme, Defendants prepared and distributed via the Class Products' labeling, statements that falsely advertise the composition of the Product, as outlined in greater detail previously, and which falsely misrepresented the nature of the Product.

83. Plaintiff Hummer and the members of the Class were the intended targets of such representations and would reasonably be deceived by Defendants' materials.

84. Defendants' conduct in disseminating untrue advertising deceived Plaintiff Hummer and members of the Class by obfuscating the true contents, nature and quality of the Product in violation of the "untrue prong" of California Business and Professions Code § 17500.

85. As a result of Defendants violations of the "untrue prong" of California Business and Professions Code § 17500, et seq., Defendants have been unjustly enriched at the expense of Plaintiff and the members of the Class.

86. Pursuant to California Business and Professions Code § 17535, Plaintiff Hummer and the members of the Class are entitled to an order enjoining such further conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for the Product by Plaintiff Hummer and the members of the Class.

**COUNT VI**

**VIOLATION OF NRS 41.600 et seq.**

**On Behalf of the Class**

87. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

88. Plaintiff and the Class are "victim[s] of consumer fraud," within the meaning of Nev. Rev. Stat 41.600(1).

89. The actions of Defendants, as alleged herein, constituted a deceptive trade practice within the meaning of Nev. Rev. Stat 41.600(1)(e) and Nev. Rev. Stat. 598.0915 and 598.0923 in that Defendants, inter alia:

a. Knowingly made a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease, Nev. Rev. Stat. 598.0915(5);

b. Represented that goods or services for sale or lease were of a particular standard, quality or grade, or that such goods were of a particular style or model, despite knowing that such goods or

services were of another standard, quality, grade, style or model, Nev. Rev. Stat. 598.0915(7);

c. Knowingly made a false representation in association with a transaction, Nev. Rev. Stat. 598.0915(15); and

d. Failed to disclose a material fact in connection with the sale or lease of goods or services, Nev. Rev. Stat. 598.0923(2).

90. Defendants sold the Class Products in Nevada during the relevant class period applicable to Plaintiff Hummer and the members of the Class.

91. Defendants sold Plaintiff Hummer and the members of the Class the Class Products.

92. By the acts alleged herein, Defendants engaged in a scheme of offering the Class Products for sale to Plaintiff Hummer and the members of the Class by way of, inter alia, product packaging and labeling.

93. These materials misrepresented and/or omitted the true contents and nature of the Class Products, as outlined in greater detail previously.

94. Defendants knew, or in the exercise of reasonable care, should have known, that these statements were misleading and deceptive as set forth herein.

95. In furtherance of their plan and scheme, Defendants prepared and distributed product packaging and labeling, statements that misleadingly and deceptively represented the composition and the nature of the Product.

96. Plaintiff Hummer and the members of the Class necessarily and reasonably relied on Defendants' labels, and were the intended targets of such representations.

97. Indeed, as the misrepresentations at issue were contained on the receipts handed with every purchase of the Class Products, the Court may presume that the members of the Class relied upon this false statement.

98. Defendants' conduct in disseminating misleading and deceptive statements in California to Plaintiff Hummer and the members of the Class was

and is likely to deceive reasonable consumers by obfuscating the true composition and nature of the Product.

99. As a result of Defendants' illegal advertising, Plaintiff Hummer and the members of the Class, pursuant to Nev. Rev. Stat 41.600(3), are each entitled to an award of actual damages, any equitable relief deemed appropriate by the Court, such as restitution or disgorgement, costs and reasonable attorney's fees.

**COUNT VII**

**NEVADA UNFAIR TRADE PRACTICE ACT, NRS 598.09 et seq.**

**On Behalf of the Class**

100. Plaintiff Hummer incorporates all preceding paragraphs of this complaint as if set forth fully herein.

101. Defendants' conduct as set forth herein constitutes Deceptive Trade Practices within the meaning of the NRS 598.09 et seq.

102. As a result of Defendants' illegal business practices, Plaintiff Hummer and the members of the Class, pursuant to NRS 598.0999, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff Hummer and members of the Class any money paid for the Product.

103. Defendants' unlawful business acts present a threat and a reasonable continued likelihood of injury to Plaintiff Hummer and members of the Class.

104. As a result of Defendants' conduct, Plaintiff Hummer and members of the Class, pursuant to NRS 598.0999, are entitled to $5,000 for each violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this court to:

a. Certify the proposed Classes pursuant to Fed. R. Civ. P. 23;
b. Enter an order for injunctive, equitable and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;
d. Award restitution and disgorgement of ill-gotten gains to Plaintiff and the putative class;
e. Award plaintiffs reasonable attorneys' fees and costs;
a. Award plaintiffs and the class treble damages where appropriate; and
b. Grant such other and further legal and equitable relief as the court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

October 24, 2016 **LAW OFFICE OF TODD M. FRIEDMAN**

By: s/Todd m. Friedman
Todd M. Friedman
Attorney for Plaintiff